IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DEANDRE DUNSTON,  )
  )
    Plaintiff,  )
  )
v.  )   Civil Action No. 3:20CV727–HEH
  )
COLONEL CRAIG, *et al.*,  )
  )
    Defendants.  )

## MEMORANDUM OPINION
### (Dismissing Improperly Joined Claims)

DeAndre Dunston, a Virginia inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action. By Memorandum Order entered on May 7, 2021, the Court directed Dunston to file a Particularized Complaint. (ECF No. 18.) In the Court's May 7, 2021 Memorandum Order, the Court warned Dunston that if he failed to submit an appropriate Particularized Complaint that comported with the joinder requirements as set forth in the Memorandum Order, the Court would drop all defendants not properly joined with the first named defendant. (*Id.* at 3.)[1] On June 2, 2021, Dunston filed a Particularized Complaint. (ECF No. 20.)[2] The matter is before the Court for evaluation pursuant to 28

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the spelling, punctuation, and capitalization in the quotations from Dunston's submissions.

[2] On May 28, 2021, Dunston submitted another complaint. The Court will only review Dunston's latest Particularized Complaint, which was filed on June 2, 2021.

U.S.C. §§ 1915(e)(2) and 1915A, Federal Rule of Civil Procedure 20(a),[3] and Dunston's compliance with the Court's May 7, 2021 Order.

## I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the

---

[3] Federal Rule of Civil Procedure 20(a) provides:

> **(2) Defendants.** Persons . . . may be joined in one action as defendants if:
> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> **(B)** any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

2

light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d

1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. JOINDER

The Federal Rules of Civil Procedure place limits on a plaintiff's ability to join multiple defendants in a single pleading. *See* Fed. R. Civ. P. 20(a). "The 'transaction or occurrence test' of [Rule 20] . . . 'permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.'" *Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983) (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)). "But, Rule 20 does not authorize a plaintiff to add claims 'against different parties [that] present[ ] entirely different factual and legal issues.'" *Sykes v. Bayer Pharm. Corp.*, 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (alterations in original) (quoting *Lovelace v. Lee*, No. 7:03CV00395, 2007 WL 3069660, at *1 (W.D. Va. Oct. 21, 2007)). "And, a court may 'deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of [promoting convenience and expediting the resolution of disputes], but will result in prejudice, expense, or delay.'" *Id.* (quoting *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007)).

In addressing joinder, the Court is mindful that "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v.*

4

*Gibbs*, 383 U.S. 715, 724 (1966). This impulse, however, does not provide a plaintiff free license to join multiple defendants into a single lawsuit where the claims against the defendants are unrelated. *See, e.g., George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Thus, "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner." *George*, 507 F.3d at 607.

"The Court's obligations under the PLRA include review for compliance with Rule 20(a)." *Coles v. McNeely*, No. 3:11CV130, 2011 WL 3703117, at *3 (E.D. Va. Aug. 23, 2011) (citing *George*, 507 F.3d at 607).

> Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that these complaints have produced but also to ensure that prisoners pay the required filing fees.

*Id.* (citing 28 U.S.C. § 1915(g); *Showalter v. Johnson*, No. 7:08CV00276, 2009 WL 1321694, at *4 (W.D. Va. May 12, 2009)).

### III. DUNSTON'S CLAIMS AND LACK OF COMPLIANCE WITH THE COURT'S ORDER

In his Particularized Complaint, Dunston makes the following claims:

Claim One  On May 27, 2019, Nurse Taylor and HSA Boyd acted with deliberate indifference to Dunston's breathing problems. (ECF No. 20, at 1–4.)

Claim Two  On September 26, 2020, Nurse Wall and HSA Boyd acted with deliberate indifference to Dunston's breathing problems. (*Id.* 5–7.)

5

| | |
|---|---|
| Claim Three | "Colonel Craig, Carmen I. Desadier, Larry Leabough, Captain T. Mack, Cpl. Brewton, Chaplain John Collins, Chaplain Blackwell, Ofc. Halpain, Cpl. Brown, Ofc. Lau, Sgt. Greenway, Sgt. Beasley, Ms. Poarch, violated [Dunson's rights under the] 1st Amendment for Free Exercise Clause, 14th Amendment for (RLUIPA) Religious Land Use and Institutionalized Person Act" by not allowing him to attend Jumah services and by failing provide meals in accordance with Dunston's religious beliefs. (*Id.* at 8–11.) |
| Claim Four | Dunston is allergic to onions. Colonel Craig, Carmen I. Desadier, and Ms. Poarch violated Dunston's First and Eighth Amendment rights by harassing him and serving him onions for his meals. (*Id.* at 12–14.) |

## IV.   DISMISSAL OF IMPROPERLY JOINED CLAIMS

The Court now proceeds with the analysis outlined in the May 7, 2021 Memorandum Order and "the Court will drop all defendants not properly joined with the first named defendant."[4] (ECF No. 18, at 3.) The first named defendant in the body of the Particularized Complaint is Defendant Boyd. Claims One and Two against Defendants Boyd, Taylor, and Wall pertaining to inadequate medical care for Dunston's breathing issues are reasonably related and are properly joined. *See Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983). The same cannot be said for Dunston's remaining claims. Instead, Dunston has submitted the sort of "mishmash of a complaint" that the rules governing joinder aim to prevent. *Jackson v. Olsen*, No. 3:09CV43, 2010 WL 724023, at *7 (E.D. Va. Mar. 1, 2010) (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).

---

[4] "Such a procedure fosters the objectives of the Rules of Civil Procedure[ ] of expediting the resolution of disputes, without further squandering scarce judicial resources on 'disputes that are not structurally prepared to use those resources efficiently.'" *Jackson v. Olsen*, No. 3:09CV43, 2010 WL 724023, at *8 n.10 (E.D. Va. Mar. 1, 2010) (quoting *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279–80 (11th Cir. 2006)).

Claims Three and Four pertaining to Dunston's religious beliefs and meals do not arise out of the same transaction or occurrence and fail to present a common question of law and fact relative to Claims One and Two. As such, permitting the joinder of Claims Three and Four will not promote the objectives of Rule 20 or judicial efficiency. *See id.* at *8 n.10. Accordingly, Claims Three and Four will be DISMISSED WITHOUT PREJUDICE because they were improperly joined. All Defendants will be DISMISSED except Defendants Boyd, Taylor, and Wall. The Court will continue to process the action with respect to Claims One and Two.

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: August 24, 2021
Richmond, Virginia